Julia M. Vaughn, Defendant in Error, v. George F. Slater, Plaintiff in Error.

Gen. No. 14,337.

1. CONTRACTS—*when lack mutuality.* A contract between two parties, executed by an agent on behalf of one of the parties, which stipulates that it shall not become effective without the approval of the principal, lacks mutuality until so approved, and if not approved by such principal before rescission by the other party, is void.

2. STATUTE OF FRAUDS—*when contract for sale of real estate within.* A contract providing for the sale of real estate, executed upon behalf of the owner thereof by an agent not authorized in writing so to do, which contract contains a provision that it shall not become effective until approved by such owner, is within the Statute of Frauds and before it can become a binding obligation upon the purchaser, it must be approved in writing by the owner.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed March 9, 1909. Rehearing denied March 19, 1909.

S. F. LYNN, for plaintiff in error.

ALBERT B. GEORGE, for defendant in error.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

On May 28, 1907, Julia M. Vaughn paid $100 to Arthur H. Weinreb, a real estate agent, which money he afterwards turned over to defendant below, George F. Slater. At the time she paid the money she received from Weinreb a paper reciting the receipt of the money as part payment towards the building and lot known as 3738 Calumet avenue in Chicago, which property, the paper states, was thereby bargained and sold to her for $3,500 and that, of the purchase price, $3,400 remained to be paid, as in the paper specified. The writing also provides that should the title to the property not prove good, then the $100 paid was to be returned, and that if Mrs. Vaughn should fail to

perform her part of the agreement, then the $100 was to be forfeited by her. In conclusion a provision appears that: "This contract is subject to approval of owner." Weinreb signed: "George F. Slater by A. Weinreb, his agent", and Julia M. Vaughn also affixed her name. This writing purports to be a contract for the sale of land. George F. Slater, by his defense in this suit, seeks to have it considered a valid and binding contract for the sale of the real estate mentioned therein. Upon the theory of its validity as such contract and because Mrs. Vaughn refuses to carry out that contract, Slater is keeping the money she paid Weinreb. Section 2 of chapter 59 of the Revised Statutes of this state, which chapter is entitled Frauds and Perjuries, provides as follows: "No action shall be brought to charge any person upon any contract for the sale of lands * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party."

Julia M. Vaughn brought suit in the Municipal Court for the $100 and recovered a judgment against Slater therefor. Now Slater is prosecuting this writ of error to reverse that judgment.

There is in this record no evidence of any authorization of Weinreb, in writing, by Slater, to execute the instrument in question. Weinreb testified Slater did authorize him to sign, but not in writing. Slater testified that he ratified the act of Weinreb and that he had told Julia M. Vaughn so. According to the statute quoted above, the writing, so far as it purports to be a contract for the sale of real estate, never became effective,—and it purports to be nothing else. It is sought to charge Julia M. Vaughn in this suit as a purchaser of real estate. She cannot be so charged, unless upon a contract binding and enforceable as to both parties. This writing, upon which the decision herein depends, is not a contract binding

upon Slater. It therefore lacks mutuality. The "approval of owner" required by the writing itself refers to an approval in the manner and form required by law to make the particular contract valid and binding upon the approver. In this instance, the contract to be entered into required, under the law, the signature of Slater himself or "some other person thereunto by him lawfully authorized in writing", in order to be binding upon him. Lacking in that respect the attempt of the parties never ripened into a contract. Under those circumstances Mrs. Vaughn is entitled to recover.

None of the authorities to which we are referred by counsel for plaintiff in error, in respect to subsequent ratification, relates to contracts for the sale of real estate. Ratification of other contracts is not pertinent here. We find the judgment of the Municipal Court to be without error and it must be affirmed.

*Affirmed.*